**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENDRICK LEE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00481 ERW |
| | ) | |
| CHARLIE UNKNOWN, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed a civil suit and seeks leave to proceed in forma pauperis. The request is granted.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

**Allegations**

Plaintiff brings this action under 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3604. He is African-American. Plaintiff rents a room at the Lincoln Hotel. Defendant Charlie Unknown is the manager there. Plaintiff's room is infested with bed bugs, and he has had to seek medical treatment for bug bites. Plaintiff asked to be transferred to a room without bed bugs, but Charlie refused. Instead, Charlie gave a non-bug-infested room to a Caucasian man at a lower monthly rent than plaintiff's.

Plaintiff's room was so uncomfortable that he took to sleeping in the lobby.  On one such night, Charlie attacked him with a bat at 4:30 in the morning, kicked him, and put him back in his room.  Plaintiff asserts that Caucasian tenants are allowed to sleep in the lobby.

Charlie called the police on plaintiff.  Defendant Stanzie, a police officer with the St. Louis Metropolitan Police Department, arrived and arrested defendant.  The charges were dropped by the prosecutor.

Plaintiff claims that defendant Lela Scauzzo should "hire better trained employees."

## Discussion

Plaintiff's claim against Charlie Unknown under the Fair Housing Act should not be dismissed at this time.  Therefore, the Court will order the Clerk to serve process on the defendant.

Plaintiff's claims against Lela Scauzzo, St. Louis Properties, LLC, and the Lincoln Hotel do not state a plausible claim for relief.  Plaintiff does not allege any facts, that if proved, would entitle him to relief against these defendants.

Plaintiff's § 1983 claim against Officer Stanzie is wholly conclusory and is not entitled an assumption of truth.  Iqbal, 129 S. Ct. at 1949.  Moreover, plaintiff sues Stanzie in his official capacity only, and he does not allege that a policy or custom of the City of St. Louis caused him harm.  See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995) (where capacity is not alleged, complaint is interpreted as containing only official capacity claims); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (municipal policy or custom requirement).

Finally, plaintiff's claim against the St. Louis Police Department is frivolous because police departments are not suable entities under § 1983. <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (1992).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on defendant Charlie Unknown, Manager of the Lincoln Hotel, 2228 Olive St., St. Louis, MO 63103.

**IT IS FURTHER ORDERED** that defendants Lela Scauzzo, St. Louis Properties, LLC, Lincoln Hotel, Unknown Stanzie, and the St. Louis Police Department are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

So Ordered this 2nd day of April, 2015.

_E. Richard Webber_

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE